| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number<br><br>ROD DANIELSON, Chapter 13 Trustee<br>3787 University Avenue<br>Riverside, CA   92501<br>(951) 826-8000   FAX (951) 826-8090<br><br>☐  Attorney for<br>☒  Chapter 13 Trustee | FOR COURT USE ONLY |
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | CHAPTER  13<br><br>CASE NUMBER 6:26-bk-10192-SY |
| In re:<br><br>LOTTEY SERNA,<br>ASUNCION SERNA,<br><br>                                    Debtor(s). | (No Hearing Required) |

### TRUSTEE'S COMMENTS ON OR OBJECTION TO:

☒  DEBTOR'S MOTION TO MODIFY PLAN OR SUSPEND PLAN PAYMENTS

The undersigned Chapter 13 Trustee, having reviewed Debtor's Motion filed on ____8/11/26____ as docket entry number ____#36____, recommends:

☒      DISAPPROVAL for the following reasons:

## 1.  INTRODUCTION

The debtors seek the following: retain the 2025 tax refund in the amount of $5,234; fix error in plan terms by changing the step-up start date from October 2027 to July 2028, thereby reducing plan payment from $2,200 to $920 (October 2027 – June 2028); increase plan percent from 56% to 63% per claims filed.

The debtor filed this bankruptcy petition on January 14, 2026.  The debtors received the 2025 tax refund post-petition. The debtor's plan proposed that the debtor "will turn over to the Chapter 13 Trustee all federal and state income tax refunds received for the term of the plan."  On April 12, 2026,

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                   **F 3015-1.13**

| In re:<br>LOTTEY SERNA,<br>ASUNCION SERNA,<br><br>                                              Debtor(s). | CHAPTER  13<br><br>CASE NUMBER 6:26-bk-10192-SY |
| --- | --- |

the chapter 13 trustee lodged the proposed order confirming chapter 13 plan.  The proposed order provided that the debtor "must turn over to the Chapter 13 Trustee all tax refunds in excess of $500 received during the Plan Term."  Having received no objection to this order, the Court entered the order granting confirmation with this provision on April 21, 2026. There has been no appeal of the confirmation order.

On June 10, 2026, the trustee filed a motion to dismiss for failure to submit a copy of the 2025 tax return and any refunds to the chapter 13 trustee. No opposition was ever filed to this motion. Two days before the hearing, and more than a month after the motion was filed, counsel for the debtor emailed the trustee's staff attorney (Bridget Kelly) stating "…we had agreed that the Debtors would retain the 2025 refund which they received before confirmation." *See* Exhibit A. Ms. Kelly responded the same day stating that she had no record of any email regarding such agreement and had no memory of ever speaking on the phone to counsel about the case. *Id*. In response, Mr. Heston stated "It was brought up, but never quite explicitly agreed to I suppose." *Id*.

At the dismissal motion hearing on July 14, 2026, counsel for the debtor requested a continuance so he could file a motion to modify the plan. The hearing was continued to August 18, 2026. This continuance provided five weeks for Mr. Heston to file the motion to modify and upload an order on the motion. Or if the motion was not approved by the trustee, then there would still be time for counsel to set the motion for hearing. But instead of filing the motion timely, Mr. Heston filed this motion on August 11, 2026, just one week before the continued hearing date. Even if the trustee approved this motion, there is no way the order can be entered prior to the dismissal motion hearing.

## 2.  THE TRUSTEE DID NOT AGREE TO WAIVE THE REQUIREMENT TO TURN OVER THE 2025 TAX REFUND

In support of the debtors' assertion that the 2025 tax refund turnover requirement was waived via an agreement with the trustee's office, counsel relies on email communications with Ms. Luong

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*April 2008*                                                                                                                 **F 3015-1.6**

| In re:<br>LOTTEY SERNA,<br>ASUNCION SERNA,<br><br>Debtor(s). | CHAPTER  13<br><br>CASE NUMBER 6:26-bk-10192-SY |
|---|---|

prior to the confirmation hearing. Counsel does not attach any evidence of these email communications, and leaves out subsequent email communications where he agrees to plan terms set forth by Ms. Luong that do not include any provision regarding waiving the turnover requirement for the 2025 tax refund.

In the email Mr. Heston relies on, it is true that he did offer various plan terms that included retaining the 2025 refund. *See* Exhibit B. But the motion to modify left out what he stated right after the offer: "That brings it up to 93%. With tax refunds it'll inevitably go up to 100%." *Id*.  The implication was that even if the debtor was able to retain the 2025 tax refund, with the plan percent being 93%, the plan would most likely end up paying 100% with future tax refunds paid in.

Mr. Heston is correct that Ms. Luong responded she would be fine with the retention of the 2025 tax refund if it paid 93%. *Id*. But Mr. Heston ignores the fact that the plan does not pay 93%. It was confirmed at 56%. Therefore, no retention of 2025 tax refund. Subsequent emails between Mr. Heston and Ms. Luong show the discussion of the reduced percent based on the student loan debt. *Id*. Ms. Luong outlines the details of the plan terms at 56%, which do not include any waiver for the 2025 tax refund. *Id*. Mr. Heston emailed agreement to these terms: "That definitely works. Thanks!" *Id*.

Furthermore, when Ms. Kelly questioned Mr. Heston about this supposed agreement, he responded "It was brought up, but never quite explicitly agreed to I suppose." Exhibit A. This response is in direct opposition to what counsel now claims and does not support his current assertion that there was an actual agreement in place.

## 3. 11 U.S.C. § 1327(a) PROHIBITS THE MODIFICATION REQUESTED BY DEBTOR

Under section 1327(a), "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 3015-1.6**

| In re:<br>LOTTEY SERNA,<br>ASUNCION SERNA,<br><br>Debtor(s). | CHAPTER 13 |
|---|---|
| | CASE NUMBER 6:26-bk-10192-SY |

creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). Thus, absent a timely appeal, a confirmation order is *res judicata* and not subject to collateral attack. *See Ford Motor Credit Co. v. Parmenter (In re Parmenter),* 527 F.3d 606, 609 (6th Cir. 2008).  As noted by the 6th Circuit Bankruptcy Appellate Panel in *Storey v. Pees,* 392 B.R.266 (6th Circuit BAP) *(*quoting *In re Welch,* 1998 U.S. App. LEXIS 26564, 1998 WL 773999 (unpublished opinion):

> *Section 1327(a)* has been consistently interpreted as barring the relitigation of any issue which was decided or which *could have been decided* at confirmation. A leading bankruptcy authority has said that "the order confirming a chapter 13 plan represents a binding determination of the rights and liabilities of the parties as ordained by the plan," that it is "quite clear that the binding effect extends to any issue actually litigated by the parties and any issue necessarily determined by the confirmation order" and that the "*binding effect of the plan also bars creditors from raising, at the time of a motion for modification of the plan, issues that could have been raised at the time the plan was originally confirmed*."

 *1998 U.S. App. LEXIS 26564, [WL] at *2* (internal citations omitted) (emphasis supplied). *See also In re Duke,* 153 B.R. 913, 918 (Bankr. N.D. Ala. 1993) (Section 1329 must be strictly and narrowly construed as an exception to the binding effect of section 1327(a).).

Any issue concerning the requirement to turnover the 2025 tax refund was or could have been resolved at confirmation, and debtors may not now come before this Court seeking to re-litigate those issues.  As noted by the court in *Storey:*

> ("A trustee . . . may not raise as grounds for modification under *[§ 1329*] facts that were known and could have been raised in the original confirmation proceedings, because the order of confirmation must be considered *res judicata* as to that set of circumstances."). The practical impact of this conclusion is that modification under *§ 1329(a)* will be limited to matters that arise post-confirmation. As explained by the court of appeals in *Barbosa*, "Congress saw fit to allow the trustee and holders of unsecured claims to seek an amendment to the confirmed plan in order to carry the ability-to-pay standard forward in time, allowing upward or downward adjustment of plan payments in response to changes in the debtor's financial circumstances which affect his/her ability to make payments." *Barbosa v. Soloman, 235 F.3d at 40* (citing *Oversight Hearings on Personal Bankruptcy Before the Subcommittee on Monopolies and Commercial Law of the Committee on the Judiciary, House of Representatives,* 97th Cong., 1st and 2nd Sess. 22-23 (1981-1982)); *see also In re Meza, 467 F.3d at 877* ("Modification [under 1329] is based on the premise that, during the life of the plan, circumstances may change, and parties should have the ability to modify the plan accordingly."); *Green Tree Acceptance, Inc. v. Bryant (In re Hoggle), 12 F.3d 1008, 1011 (11th Cir. 1994)*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*April 2008*                                                                                                    **F 3015-1.6**

| In re:<br><br>LOTTEY SERNA,<br>ASUNCION SERNA,<br><br>Debtor(s). | CHAPTER  13<br><br>CASE NUMBER 6:26-bk-10192-SY |
|---|---|

("Congress designed *§ 1329* to permit modification of a plan due to changed circumstances of the debtor unforeseen at the time of confirmation.").

Although in this case it is the debtors, not the Trustee seeking to modify the plan, the court's reasoning applies equally to these Debtors.

## 4.  CONCLUSION

Chapter 13 is about making one's best efforts to repay one's debts:

The hallmark of a Chapter 13 case is the Congressionally imposed bargain between the debtor and the debtor's creditors whereby the debtor is allowed to keep pre-petition property in exchange for promising a future stream of payments to the debtor's pre-petition creditors. As part of that bargain, the debtor is expected to engage in a certain amount of "belt-tightening" and forego unwarranted luxuries and a lavish lifestyle, which, in some cases, is the root cause for the filing of the bankruptcy petition. *E.g., Cordes,* 147 B.R. at 504-05 (explaining the "big picture" of Chapter 13 as "[a]n equitable balance between the rights of debtors and the rights of creditors.... [When] the debtor proposes to build up equity in assets which the legislature has not found essential to a fresh start; [and] more crucially, [when] the debtor proposes to correspondingly defer, reduce, or even delay a return to other creditors on their prior claims. . .] by diverting estate resources to nonessential assets[, such a proposal] impermissibly tips the balance of bankruptcy relief. . ."). In re McNeely, 366 B.R. 542 (Bankr. N.D. W. Va., 2007).

It is incumbent upon the Debtors to demonstrate their good faith by making a concerted effort to repay the unsecured creditors to the best of their abilities through the life of this five-year plan. They want to take advantage of Chapter 13 to cure mortgage arrears and to obtain a discharge upon completion, yet are not willing to comply with the confirmation order and turn over the tax refund to pay the unsecured creditors.  Chapter 13 is a voluntary proceeding, and if Debtors wish to obtain the benefits that arise from a chapter 13 discharge, Debtors must be willing to take on the responsibilities of chapter 13.

The Trustee recommends that the motion be denied. The burden is on debtor to prove each and every element of the relief sought (see *In re Huerta*, 137 B.R. 356 (Bankr. C.D. CA 1992)); to date, that burden has not been met.  If Debtors believe they cannot afford to continue in Chapter 13, they should consult with their attorney about other bankruptcy and non-bankruptcy options available for addressing their financial issues.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*April 2008*                                                                                                                    **F 3015-1.6**

| In re:<br><br>LOTTEY SERNA,<br>ASUNCION SERNA,<br><br>Debtor(s). | CHAPTER 13<br><br>CASE NUMBER 6:26-bk-10192-SY |
|---|---|

If the debtors wish to resolve this motion by paying in the 2025 tax refund over the remaining months of the plan, then counsel should contact the trustee's office immediately for a stipulation, so that the matter can be resolved prior to the continued hearing on the tax dismissal motion. The terms in a stipulation would state:

After fixing the step-payment start date, the remaining plan payments need to increase by $99 to pay in the 2025 tax refund. Therefore, the chapter 13 plan is modified as follows: increase plan payment from $920 to $1,019 (September 2026 – September 2027), reduce plan payment from $2,200 to $1,019 (October 2027 – June 2028); increase plan payment from $2,200 to 2,299 (July 2028 – end of the plan); reduce plan base from $105,560 to $99,287; increase plan percent from 56% to 68%; all other terms remain the same.

Dated:   8/13/2026          /s/Rod Danielson

                             Chapter 13 Trustee

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*April 2008*                                                                 **F 3015-1.6**

| In re:<br>LOTTEY SERNA,<br>ASUNCION SERNA,<br><br>Debtor(s). | CHAPTER  13<br><br>CASE NUMBER 6:26-bk-10192-SY |
| --- | --- |

## DECLARATION OF BRIDGET KELLY

I, BRIDGET KELLY, declare as follows:

1.      I am an attorney licensed by the State of California to practice law.  I am a staff attorney for Rod Danielson, Chapter 13 Standing Trustee for the Riverside Division of the United States Bankruptcy Court for the Central District of California.  I am admitted to practice before the Bankruptcy Court and the District Court for the Central District of California.

2.      I have personally reviewed the files, records, and documents in this case and I am familiar with the facts contained in those documents.  If called as a witness, I could and would be able to testify as to the facts contained therein.

3.      The debtor filed this bankruptcy petition on January 14, 2026.

4.      The debtor's plan proposed that the debtor "will turn over to the Chapter 13 Trustee all federal and state income tax refunds received for the term of the plan."

5.      On April 12, 2026, the chapter 13 trustee lodged the proposed order confirming chapter 13 plan.

6.      The proposed order provided that the debtor "must turn over to the Chapter 13 Trustee all tax refunds in excess of $500 received during the Plan Term."

7.      Having received no objection to this order, the Court entered the order granting confirmation with this provision on April 21, 2026.

8.      There has been no appeal of the confirmation order.

9.      On June 10, 2026, the trustee filed a motion to dismiss for failure to submit a copy of the 2025 tax return and any refunds to the chapter 13 trustee.

10.      No opposition was ever filed to this motion.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*April 2008*                                                                                                    **F 3015-1.6**

| In re: | CHAPTER 13 |
|---|---|
| LOTTEY SERNA, ASUNCION SERNA, | |
| Debtor(s). | CASE NUMBER 6:26-bk-10192-SY |

11.     Two days before the hearing, and more than a month after the motion was filed, counsel for the debtor emailed me stating "…we had agreed that the Debtors would retain the 2025 refund which they received before confirmation." A true and correct copy of the email string between Mr. Heston and Ms. Kelly is attached hereto as Exhibit A.

12.     I responded the same day stating that I had no record of any email regarding such agreement and had no memory of ever speaking on the phone to counsel about the case.

13.     In response, Mr. Heston stated "It was brought up, but never quite explicitly agreed to I suppose."

14.     At the dismissal motion hearing on July 14, 2026, counsel for the debtor requested a continuance so he could file a motion to modify the plan.

15.     The hearing was continued to August 18, 2026.

16.     This continuance provided five weeks for Mr. Heston to file the motion to modify and upload an order on the motion.

17.     If the motion was not approved by the trustee, then there would still be time for counsel to set the motion for hearing.

18.     Mr. Heston filed this motion on August 11, 2026, just one week before the continued hearing date.

19.     Even if the trustee approved this motion, there is no way the order can be entered prior to the dismissal motion hearing.

20.     In support of the debtors' assertion that the 2025 tax refund turnover requirement was waived via an agreement with the trustee's office, counsel relies on email communications with Ms. Luong prior to the confirmation hearing.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re:<br>LOTTEY SERNA,<br>ASUNCION SERNA,<br><br>                                Debtor(s). | CHAPTER 13<br><br>CASE NUMBER 6:26-bk-10192-SY |
| --- | --- |

21.    Counsel does not attach any evidence of these email communications, and leaves out subsequent email communications where he agrees to plan terms set forth by Ms. Luong that do not include any provision regarding waiving the turnover requirement for the 2025 tax refund.

22.    In the email Mr. Heston relies on, it is true that he did offer various plan terms that included retaining the 2025 refund. A true and correct copy of the email string between Mr. Heston and Ms. Luong is attached hereto as Exhibit B.

23.    But the motion to modify left out what he stated right after the offer: "That brings it up to 93%. With tax refunds it'll inevitably go up to 100%."

24.    The implication was that even if the debtor was able to retain the 2025 tax refund, with the plan percent being 93%, the plan would most likely end up paying 100% with future tax refunds paid in.

25.    Mr. Heston is correct that Ms. Luong responded she would be fine with the retention of the 2025 tax refund if it paid 93%.

26.    But Mr. Heston ignores the fact that the plan does not pay 93%.

27.    It was confirmed at 56%.

28.    Therefore, no retention of 2025 tax refund.

29.    Subsequent emails between Mr. Heston and Ms. Luong show the discussion of the reduced percent based on the student loan debt.

30.    Ms. Luong outlines the details of the plan terms at 56%, which do not include any waiver for the 2025 tax refund.

31.    Mr. Heston emailed agreement to these terms: "That definitely works. Thanks!"

32.    When Ms. Kelly questioned Mr. Heston about this agreement, he responded "It was brought up, but never quite explicitly agreed to I suppose." Exhibit A.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re:<br><br>LOTTEY SERNA,<br>ASUNCION SERNA,<br><br>Debtor(s). | CHAPTER  13<br><br>CASE NUMBER 6:26-bk-10192-SY |
| --- | --- |

33.    This response is in direct opposition to what counsel now claims and does not support his current assertion that there was an actual agreement in place.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed by me at Riverside, California.

DATED:  August 13, 2026

*Bridget Kelly*

BRIDGET KELLY

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*April 2008*                                                                    **F 3015-1.6**

Outlook

## Re: Serna - 26-10192 - TMD re Taxes

**From** Ben Heston <ben@nexusbk.com>

**Date** Sun 7/12/2026 1:19 PM

**To** Bridget Kelly <bridget@rodan13.com>

==It was brought up, but never quite explicitly agreed to I suppose==. That's why I also said we'll be filing a MoMod. Would you be amenable to a continuance?

Benjamin Heston, Esq.
NEXUS BANKRUPTCY

On Sun, Jul 12, 2026, 1:12 PM Bridget Kelly <bridget@rodan13.com> wrote:

> ==I can't find any email I sent to you stating an agreement to retain the 2025 refund. And I don't remember speaking with you on the phone about this case. The refund must be turned over per conf order.==
>
> **From:** Ben Heston <ben@nexusbk.com>
> **Sent:** Sunday, July 12, 2026 1:02 PM
> **To:** Bridget Kelly <bridget@rodan13.com>
> **Subject:** Serna - 26-10192 - TMD re Taxes
>
> Hi Bridget,
> I uploaded the Debtors' 2025 tax returns. ==Previously, we had agreed that the Debtors would retain the 2025 refund which they received before confirmation.== Will you be withdrawing the TMD?
>
> Also, if it matters, we will also be filing a MoMod that moves the step-up and increase the plan percentage from 56% to 76%. If there is any question about withdrawing the TMD, we would appreciate a continuance to allow that motion to be filed.
>
> --
>
> **Benjamin Heston, Esq.**
> **NEXUS BANKRUPTCY**
> 3090 Bristol Street #400, Costa Mesa, CA 92626
> **Tel:** 949.312.1377 // **Fax:** 949.288.2054

EXHIBIT A

**Outlook**

---

**Fw: Serna, Lottey & Asuncion (26-10192) conf. 4/7 #15**

---

**From** Susan Luong <susanl@rodan13.com>

**Date** Thu 8/13/2026 11:54 AM

**To** Bridget Kelly <bridget@rodan13.com>

Sincerely,

Susan J. Luong
Staff Attorney for Chapter 13 Trustee Rod Danielson
Certified Bankruptcy Specialist, State Bar of California
3787 University Ave.
Riverside, CA 92501
Office: 951-826-8000
Fax: 951-826-8090
Direct Line: 951-826-8038

This e-mail and any other e-mail messages sent by the Chapter 13 Trustee or his staff are for the sole use of the intended recipient(s).  These e-mail messages contain information belonging to Rod Danielson, Chapter 13 Trustee.  All e-mail messages sent by the Trustee or his staff are privileged or confidential (or both). **Any disclosure, copying, distribution or inclusion in pleadings is prohibited.** Failure to abide by these terms may result in termination of e-mail privileges of the recipient with this office.  If you are not the intended recipient or if you received this e-mail in error, please delete.  Thank you!

---

**From:** Susan Luong <susanl@rodan13.com>
**Sent:** Monday, April 6, 2026 9:41 PM
**To:** Ben Heston <ben@nexusbk.com>
**Subject:** Re: Serna, Lottey & Asuncion (26-10192) conf. 4/7 #15

Great, it will be on consent unless there are restrictions on the tentative. $500 (1-2) $920 (3-20) $2200 (21-60) 56%.

On Mon, Apr 6, 2026 at 9:37 PM Ben Heston <ben@nexusbk.com> wrote:
> That definitely works. Thanks!
>
> On Mon, Apr 6, 2026 at 9:29 PM Susan Luong <susanl@rodan13.com> wrote:
>> Since there's student loans involved, I'm afraid if I use the lower claims # filed so far, if they file a claim, it will be infeasible.  So even though it would be 92% if no other claims are filed, it is only 56% using sch.E/F figures.  We can confirm with this:
>> $500 (1-2) $920 (3-20) $2200 (21-60) 56%.  This actually doesn't account for the payoff of the 401k loan so it's better than what was originally required.  Let me know.
>>
>> On Mon, Apr 6, 2026 at 5:50 PM Susan Luong <susanl@rodan13.com> wrote:
>>> I'm ok with it if it's 93%. I'll run my numbers and get back to you with the final numbers.



EXHIBIT B

Sincerely,

Susan J. Luong
Staff Attorney
Certified Bankruptcy Specialist
State Bar of California
Rod Danielson, Chapter 13 Trustee
3787 University Ave.
Riverside, CA 92501
Office: 951-826-8000
Fax: 951-826-8090
Direct Line: 951-826-8038

This e-mail and any other e-mail messages sent by the Chapter 13 Trustee or his staff are for the sole use of the intended recipient(s).These e-mail messages contain information belonging to Rod Danielson, Chapter 13 Trustee. All e-mail messages sent by the Trustee or his staff are privileged or confidential (or both). **Any disclosure, copying, distribution or inclusion in pleadings is prohibited.** Failure to abide by these terms may result in termination of e-mail privileges of the recipient with this office. If you are not the intended recipient or if you received this e-mail in error, please delete. Thank you!

On Mon, Apr 6, 2026 at 12:27 PM Ben Heston <ben@nexusbk.com> wrote:

The schedule J figures are not the full amount of the utility expenses. We deducted off the amounts that the daughter's family pays. Their expenses are pretty lean given that they are the primary supporters of a 4-generation household. How about this - we split the baby and increase payments by $420, then a step up to $2,200 once the retirement loan is paid off (see below), and also allow the Debtors to retain their 2025 refund. That brings it up to 93%. With tax refunds it'll inevitably go up to 100%. Let me know if that works.

EXHIBIT B

| In re:   **LOTTEY SERNA**<br>**ASUNCION SERNA**<br><br>Debtor(s) | **Chapter: 13**<br><br>Case Number: **6:26-bk-10192-SY** |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 3787 University Avenue, Riverside, CA 92501.

A true and correct copy of the foregoing document entitled: **TRUSTEE'S COMMENTS ON OR OBJECTION TO MOTION TO MODIFY/SUSPEND PLAN PAYMENTS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Orders LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On _____**08/13/2026**_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**ben@nexusbk.com**

☐ Service Information continued on attached page

**2.   SERVED BY UNITED STATES MAIL:**
On _____**08/13/2026**_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here contitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
LOTTEY SERNA
ASUNCION SERNA
35375 AVENUE D
YUCAIPA, CA  92399

HONORABLE SCOTT H. YUN
3420 TWELFTH ST, SUITE 345
RIVERSIDE, CA 92501-3819

☐ Service Information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service Information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 08/13/2026 | /s/ Susan Jones |
|---|---|
| Date | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

FG:126 - 08/13/2026 - BK
June 2012

**F 9013-3.1.PROOF.SERVICE**